Mr. James Lee Witt Director, Office of Emergency Services State of Arkansas P.O. Box 758 Camden, AR 72032
Dear Mr. Witt:
This is in response to your request for an opinion regarding Act 511 of 1973, as amended (the Arkansas Emergency Services Act of 1973, referenced herein as "the Act"), which is codified at A.C.A. §§ 12-75-101—129 (1987 and Cum. Supp. 1991). Your question concerns the authority to appoint an emergency services coordinator in Jefferson County.[1] You state that you currently have a situation in Jefferson County where the County Judge has designated one individual as Emergency Services Coordinator, and a group of cities within the county has designated another individual, claiming authority under an "Agreement to Establish Joint Action Emergency Organization." You have asked for my opinion as to who has the authority to appoint the emergency services coordinator in this situation.
A review of the material attached to your correspondence, as well as the information submitted by Senator Jay Bradford in his separate opinion request on this subject,[2] indicates that there is a fact question with respect to the existence of a joint action emergency services organization in Jefferson County. It is my understanding that a group of cities contend, on the one hand, that an interjurisdictional organization was established by agreement in 1974 with authority to jointly select a coordinator, while the county judge disputes this contention and takes the position that the county office of emergency services continues to serve the entire county under a 1973 county court order that authorizes the county judge to select the coordinator. Resolution of this question involves a factual inquiry that is not properly within the scope of an Attorney General Opinion. I cannot, in the context of an Opinion, act as a factfinder in resolving this dispute.
While I am unable to resolve this fact question, a discussion of the general authority under the Act to appoint a director or so-called "coordinator" of emergency services may prove helpful. Subsection (i)(1) of § 12-75-118 (1987) provides that:
 [l]ocal directors of emergency services will be appointed by the chief executive of the political subdivision involved, will be approved for participation in federal funding by the State Director of Emergency Services, and will serve as the direct representative of the chief executive for disasters and major emergencies.
The term "local director," although not defined in the Act, may reasonably be construed to mean the director of a local office of emergency services.[3] Included within the stated purposes of the Act is the need to "create a State Office of Emergency Services and authorize and direct the creation of comparable local organizations within the political subdivisions of the state." A.C.A. § 12-75-102(a)(1) (1987). Section 12-75-118(b) states:
 Each county shall maintain an office of emergency services or participate in a local or interjurisdictional office of emergency services which, except as otherwise provided under this chapter, has jurisdiction over and serves the entire county.
Your question regarding the appointive authority thus requires initial identification of the local organization in existence in Jefferson County. Subsection (a)(2) of § 12-75-118 states that:
 [l]ocal offices of emergency services shall be established as public safety agencies of the political subdivisions under the direction and control of the appropriate chief executive for the purposes of mitigation of, planning for, response to, and recovery from disaster and major emergency occurrences and for operation of public safety communication networks.
If, as a factual matter, such a local organization has been established, distinct from a county-maintained office of emergency services (see § 12-75-118(a)(2), supra), it may reasonably be contended that the authority to appoint a coordinator resides in the chief executives of the participating political subdivisions. Creation of such an organization would presumably require the agreement of the county. While provision is made under § 12-75-118(c) for the Governor's designation of municipalities requiring their own offices of emergency services, I can find no authority in the Act for the creation of a local office, with county-wide jurisdiction, by cities, independent of the county.
It should be noted, however, with regard to the authority to appoint a coordinator, that this conclusion is not easily drawn from the language of the Act. One might contend that the county judge, as the chief executive involved in the local office of emergency services (see § 12-75-118(i)(1), supra), is the appointive authority. However, the language of § 12-75-118 with regard to the participation of political subdivisions,[4]
when read together with the provision for appointment of local directors by the chief executive of "the political subdivision involved" (§ 12-75-118(i)(1), supra), suggests that the legislature may have intended for the director to be appointed in that instance by each of the participating political subdivisions. (See also § 12-75-118(b), supra, regarding the requirement that each county maintain an office "or participate
in a local or interjurisdictional office. . . ." (Emphasis added)).
There is, therefore, in my opinion, support for the proposition that provision may be made for the joint selection of a director/coordinator in those instances where the county and other political subdivisions participate in a local office of emergency services that has been created in accordance with the Act. If, however, the county serves the other political subdivisions through an office of emergency services that is maintained by the county, it seems clear that the county judge is the appointive authority. Whether such a local office has been created, however, involves a question of fact. With regard to the situation posed in your request, resolution of the question will apparently turn on whether the "Joint Action Emergency Organization" was actually established. As noted above, I cannot resolve this question. This issue is properly addressed to the individual attorneys for the political subdivisions, and, if necessary, ultimately to a court as factfinder.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] The position of "coordinator," as identified in your correspondence, is the equivalent of the "director of emergency services" under the Act. See A.C.A. § 12-75-118(i) (1987).
[2] See Op. Att'y Gen. 92-302, a copy of which is enclosed herein.
[3] A "local" office may be distinguished from an "interjurisdictional" office based on the service area, that is, a local office serves one county while an interjurisdictional office involves two or more counties served by an "interjurisdictional arrangement." See A.C.A. § 12-75-117(a) (1987).
[4] Subsection (e) of § 12-75-118 states that "[e]ach political subdivision which does not have an office of emergency services and has not made arrangements to secure or participate in the services of an agency shall have a liaison officer designated to facilitate the cooperation and protection of that subdivision in the work of disaster and major emergency prevention, preparedness, response, and recovery."